IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ADAM AILION, Individually and
on Behalf of All Others
Similarly Situated,

               Plaintiff,

     v.

HEALTHCARE SOLUTIONS TEAM,
LLC., and NATIONAL GENERAL
HOLDINGS CORP.,

             Defendants.

Case No. 21 C 6231

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Adam Ailion ("Plaintiff") brings this putative class action for alleged violations of § 227 (c)(5) of the Telephone Consumer Protection Act ("TCPA") and the Florida Telephone Solicitation Act, ("FTSA") codified at Florida statute § 501.059. Defendants Healthcare Solutions Team and National General Holdings Corp. (collectively, the "Defendants") have moved to dismiss Plaintiff's claim (Dkt. No. 34). For the reasons stated herein, Defendants' Motion to Dismiss is granted in part.

## I. FACTUAL BACKGROUND

Plaintiff Adam Ailion is a citizen of Georgia. (Am. Compl. ¶ 8, Dkt. No. 31.) Defendant Healthcare Solutions Team ("HST") is an

Illinois company, wholly owned by Defendant National General
Holdings Corp. ("Nat Gen"). (*Id.* ¶ 11.) HST also operates in
Florida. (*Id.* ¶ 12.) Plaintiff alleges that Defendant Nat Gen is
based in New York, has a principal place of business in Illinois,
and is incorporated in North Carolina. (*Id.* ¶ 13.) Defendant
alleges that Nat Gen has a principal place of business in North
Carolina and is incorporated in Delaware. (Mot. to Dismiss., Decl.
of Meghan E. Jauhar ¶¶ 3—4, Dkt. No. 34-1.) In support of this
assertion, Defendants include a sworn declaration by Meghan E.
Jauhar, an assistant secretary of Defendant Nat Gen. (*Id.* ¶ 2.)

Both HST and Nat Gen make telemarketing calls to sell
insurance policies. (Am. Compl. ¶¶ 1, 35.) In December 2020,
Plaintiff requested that both Defendants put his residential
number on their do not call lists. (*Id.* ¶¶ 22-23.) Defendant Nat
Gen's do not call policy contains the following relevant language:
"When placing a Sales Call, you must scrub the individual's number
against the Federal, State and your Company Do Not Call List. If
the number appears on any of the lists, do not call that customer."
(Do Not Call Policy, Am. Compl., Ex. 1, Dkt. No. 31-1.) The policy
adds, "[t]his requirement does not apply if [prior express written
consent] has been obtained. (*Id.*) Plaintiff does not admit to
consenting to either Nat Gen or HST's calls.

- 2 -

On August 17, 2021, Plaintiff received a call from someone identifying themselves as Johan from Health Solutions. (Id. ¶ 25.) On August 20, 2021, Plaintiff received a call from someone identifying themselves as Elie on behalf of Healthcare Savings Team. (Id. ¶ 30.) On September 27, 2021, Plaintiff received a call from someone identifying themselves as Shira Smith on behalf of Health Solutions. (Id. ¶ 40.) On August 23, 2021, Plaintiff received a call from Jim Martelo, an HST employee and Nat Gen insurance agent. (Id. ¶ 34.) Later that day, Plaintiff received a text message from Jim Martelo with a link to insurance quotes. (Id. ¶ 37.) The link contained three insurance plans, two of which were with Nat Gen. (Id. ¶ 38.)

Plaintiff alleges that each call was made on behalf of both Defendants, for the purpose of selling Nat Gen insurance policies through HST. (Id. ¶¶ 26, 31, 35 43.) Plaintiff alleges that the August 17, 2021, call, the August 23, 2021, call, and the August 23, 2021, text message originated in Florida. (Id. ¶ 84.)

On November 19, 2021, Plaintiff filed suit in this Court, alleging that Defendants' practices and do not call policies violate the TCPA. (Dkt. No. 1.) On January 25, 2022, Plaintiff filed an Amended Complaint. (Dkt. No. 31.) The Amended Complaint pleads three counts: violations of the TCPA, a declaratory judgment, and violations of the FTSA. On March 10, 2022, Defendants

filed a Motion to Dismiss, alleging lack of jurisdiction, improper venue, and that Plaintiff has not pled adequate facts to support his claims. (Dkt. No. 33.)

## II. <u>LEGAL STANDARD</u>

A motion for lack of personal jurisdiction is brought under Federal Rule of Civil Procedure 12(b)(2). To survive such a motion, a plaintiff "need only make out a prima facie case of personal jurisdiction." *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (quoting *Hyatt Intern. Corp. v. Coco*, 302 F.3d 707, 713) (7th Cir. 2002)). At this stage the court must take as true "all well-pleaded facts alleged in the complaint and resolve any factual disputes in the affidavits in favor of the plaintiff." *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). If there is a conflict between a defendant's affidavit and the record, the conflict must be resolved in the plaintiff's favor. *Curry v. Revolution Labratories, LLC.*, 949 F.3d 385, 393 (7th Cir. 2020).

A motion for improper venue is brought under 12(b)(3). To survive a motion for improper venue, a plaintiff must "[establish] that venue is proper." *Interlease Aviation Invs. II (Aloha) L.L.C. v. Vanguard Airlines*, Inc., 262 F. Supp. 2d 898, 913 (N.D. Ill. 2003). In analyzing a claim for improper venue, a court must

resolve all factual conflicts and draw all reasonable inferences in the plaintiff's favor. *Id.*

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of a complaint. To defeat a 12(b)(6) motion, the allegations in a complaint must be plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

### III. DISCUSSION

Defendants raise both procedural and substantive arguments in their Motion to Dismiss. Procedurally, Defendants argue that this Court does not have personal jurisdiction over Nat Gen, that venue is not proper in the Northern District of Illinois, and that Count II (for a declaratory judgment) is duplicative of Count I (violations of the TCPA). Substantively, Defendants argue that Plaintiff has not pled facts sufficient to support his claims. The Court will first address the procedural arguments.

## A. Personal Jurisdiction

Defendants argue that this Court does not have personal jurisdiction over Defendant Nat Gen. There are two types of personal jurisdiction, specific jurisdiction, and general jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014). A court may exercise general jurisdiction over a corporation when the corporation's affiliations with the forum render them at home in the forum. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). A court may exercise specific jurisdiction over a corporation when the suit arises out of, or relates to, the corporation's contacts with the forum. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

"The paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business." *Daimler*, 571 U.S. at 118. A corporation's principal place of business is a singular place where its officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010). Defendants argue that the Court does not have general jurisdiction over Nat Gen because Nat Gen is not at home in Illinois. Plaintiff alleges that Nat Gen was incorporated in North Carolina and maintains a principal place of business in Illinois. Defendants disagree, claiming that Nat Gen was incorporated in Delaware and maintains its principal place of

business in North Carolina. Defendants attach an affidavit from
Meghan E. Jauhar, an assistant secretary of Defendant Nat Gen. The
affidavit states that Nat Gen's principal place of business is in
Winston-Salem, North Carolina.

At this stage, the Court must resolve all conflicts in the
Plaintiff's favor. Plaintiff has alleged that Nat Gen maintains a
principal place of business is in Illinois. The Court must take
Plaintiff's allegation as true, even though it conflicts with
Defendants' affidavit. As such, the Court can properly exercise
general jurisdiction over Nat Gen. However, if through the
subsequent proceedings, Plaintiff's claim proves to be untrue, the
Court may take up the issue of jurisdiction once again. At this
time, Defendants' Motion to Dismiss Nat Gen as a Defendant on this
ground is denied.

**B. Improper Venue**

Defendants argue that the Northern District of Illinois is
not a proper venue to hear this case. Plaintiff alleges that venue
is proper in this Court under 28 USC § 1391(b)(1). The statute
provides that a civil action may be brought in "a judicial district
in which any defendant resides, if all defendants are residents of
the State in which the district is located." *Id.* According to the
statute, a corporation is deemed to reside in any state where

personal jurisdiction would be proper at the time an action is commenced. *Id.* at (d).

Plaintiff alleges that both Defendants are residents of Illinois, meaning that venue would be proper under the statute. Defendants do not dispute that HST is a resident of Illinois. Defendants argue that Nat Gen is not a resident of Illinois for the same reason that they argue that this Court does not have personal jurisdiction over Nat Gen. The Court considered Defendants argument on this issue above and denied the Defendants' Motion to Dismiss on that ground. Accordingly, the Court finds that, at this time, venue is proper under 28 USC § 1391(b)(1). Defendants' Motion to Dismiss for improper venue is denied.

### C. Duplicative Counts

Defendants argue that Count II is duplicative of Count I. Count II is a declaratory judgment action. The Seventh Circuit has held that district courts may decline to hear a declaratory judgment action, even if it is in their jurisdiction. *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 747 (7th Cir. 1987). A district court may refuse to hear a declaratory judgment action because it is duplicative of other claims. *See Vulcan Golf, LLC. V. Google, Inc.*, 552 F.Supp.2d 752, 7789 (N.D. Ill. 2008); *Lansing v. Carroll*, 868 F.Supp.2d 753, 763-64 (N.D. Ill. 2012). Courts have dismissed declaratory judgment claims when they served

"no useful purpose" because the substantive claims would resolve the same issues. *Intercon Solutions, Inc. v. Basel Action Network*, 969 F.Supp.2d 1026, 1065 (N.D. Ill. 2013).

Here, Plaintiff seeks a declaratory judgment from the Court that the TCPA requires coordination of Do Not Call Lists between vendors, and that the TCPA prohibits prior express consent exceptions. In Count I, Plaintiff alleges that Nat Gen's Do Not Call Policy violates the TCPA because it does not require coordination of do not call lists and contains a prior express consent exception. Plaintiff argues that Count I is seeking a declaration as to the Plaintiff and the purported class and Count II is seeking a declaration about the TCPA generally. The Court does not see the distinction. By adjudicating Count I, the Court will necessarily decide the issues in Count II as well. Should the Court rule that Defendants' policy violates the TCPA by not requiring coordination of lists, or because it contains a consent provision, the Court is necessarily ruling that the TCPA requires coordination and prohibits consent exceptions. Should the Court rule that Defendants' policy does not violate the TCPA, it is necessarily ruling that the TCPA does not require coordination and permits consent exceptions. Count II is duplicative of Count I. Defendants' Motion to Dismiss is granted on this ground.

The Court will next move to Defendants' substantive arguments.

## D. Count I

Count One alleges violations of the TCPA, which prohibits sales calls to numbers on the national do not call list. 47 C.F.R. § 64.1200 (c)(2). Defendants raise two arguments in support of their motion to dismiss Count I. First, Defendants argue that Plaintiff failed to establish that Nat Gen is vicariously liable for the calls alleged in the Complaint. Second, Defendants argue that Plaintiff failed to allege calls to a residential telephone number, as required by the TCPA.

### a. Vicarious Liability

Under the TCPA, a party can be held vicariously liable for the actions of an agent if the agent has express or apparent authority. *Warciak v. Subway Restaurants Inc.*, 949 F.3d 354, 357 (7th Cir. 2020). Express authority exists when a principal authorizes an agent, the agent acts on the principal's behalf and subject to the principal's control. *Id.* Apparent authority exists when a third party "reasonably relies on the principal's manifestation of authority to an agent." *Id.* "Statements by an agent are insufficient to create apparent authority." *Id.* A party can also be held vicariously liable for the actions of an agent if it ratified an agent's conduct. "Ratification is the affirmance of a prior act done by another, whereby the act is given effect as if

done by an agent acting with actual authority." Restatement (Third) of Agency § 4.01(1) (2006); *Toney v. Quality Resources, Inc.,* 75 F.Supp.3d 727, 745 (N.D. Ill. 2014).

Plaintiff argues that HST had express authority, implied authority, and that HST's actions were ratified by Nat Gen. Plaintiff cites to Nat Gen's do not call policy as evidence that HST had express authority from Nat Gen to make the calls in question. Plaintiff argues that HST had implied authority from Nat Gen because HST provided customers quotes for Nat Gen insurance plans. Plaintiff argues that Nat Gen ratified HST's actions because Nat Gen created its marketing policies, imposed them on HST, and accepted the benefits of the resulting calls.

The Court disagrees. A principal is not responsible for the actions of an agent which are made in direct contradiction to the principal's instructions. *Paldo Sign & Display Co. v. Wagener Equities, Inc.*, 825 F.3d 793, 798 (7th Cir. 2016); *Bridgeview Health Care Center v. Clark*, 816 F.3d 935, 939 (7th Cir. 2016). Nat Gen's policy states that a caller may call an individual on a do not call list if the individual has given their prior express written consent. Plaintiff alleges that he is on the national do not call list. Plaintiff alleges that he was called anyway. Plaintiff does not allege that he gave either Defendant his prior express written consent to be called. Taking all these facts as

- 11 -

true, the Court finds that when HST employees called Plaintiffs, they were in violation of Nat Gen's do not call policy. Thus, Nat Gen cannot be held vicariously liable for HST's actions. Defendants' Motion to Dismiss is granted on this ground.

Plaintiff also alleges that Nat Gen's policy violates the TCPA. Specifically, Plaintiff argues that Nat Gen's policy is invalid because it contains a consent exception and does not require coordination of do not call lists. The Court disagrees that Nat Gen's policy violates the TCPA because it contains a consent exception. The statute clearly states that a caller will not be liable if "[i]t has obtained the subscriber's prior express invitation or permission." 47 C.F.R. § 64.1200. A 2003 FCC order explains, "sellers may contact consumers registered on a national do-not-call list if they have obtained the prior express permission of those consumers." *In Re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14043 (2003). Under the Hobbs Act, a district court must apply final FCC orders if they govern the matter at issue. *See CE Design Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443, 446-50 (7th Cir.2010); *Griffith v. Consumer Portfolio Serv., Inc.,* 838 F.Supp.2d 723, 726 (N.D. Ill. 2011); *Toney v. Quality Resources, Inc.*, 75 F.Supp 727, 734 (N.D. Ill. 2014). Plaintiff's claim that Nat Gen's policy violates the TCPA because it contains a consent exception must be dismissed.

- 12 -

The Seventh Circuit has held that the TCPA requires coordination of affiliate's do not call lists when an agent makes a call on behalf of a principal. *United States v. Dish Network L.L.C.*, 954 F.3d 970, 976 (7th Cir. 2020). Plaintiff argues that HST was an agent of Nat Gen and HST employees made phone calls on behalf of Nat Gen. The existence of an agency relationship is a "notoriously fact-bound question." *Spitz v. Proven Winners N. Am., LLC.*, 759 F.3d 724, 731 (7th Cir. 2014), *see also Chemtool, Inc. v. Lubrication Technologies, Inc.*, 148 F.3d 742, 746 (7th Cir. 1998). At this stage, the Court must resolve all factual disputes in the favor of the Plaintiff. Accordingly, the Court finds that the Plaintiff has sufficiently pled the existence of an agency relationship. As such, Plaintiff's argument that Nat Gen's policy violates the TCPA because it does not require coordination of affiliate's do not call lists will move forward. Defendants' Motion to Dismiss on this ground is denied.

### b. Requirement of Residential Calls

Defendants next argue that the TCPA only creates a private cause of action for calls made to residential telephone subscribers. Defendants argue that the calls alleged in the Complaint were made to a business number. The TCPA prohibits calls to residential subscribers on the do not call list. 47 C.F.R. § 64.1200 (c)(2). The relevant regulations define a residential

- 13 -

subscriber as "a subscriber to telephone exchange service that is not a business subscriber. 47 C.F.R. § 64.2305.

In Plaintiff's Amended Complaint, he alleges that the calls in question were made to his residential number. At this stage, the Court must take Plaintiff's pleading as true, even in the face of Defendants' opposing evidence. Defendants' Motion to Dismiss is denied on this ground.

### E. Count III

In Count III, Plaintiff alleges that Defendants Nat Gen and HST violated the FTSA. The FTSA establishes a no sales solicitation list and prohibits telephone solicitors from making sales calls to numbers on that list. Fl. St. § 501.059 (3)(a); Fl. St. § 501.059 (4). The statute defines telephone solicitor as "a natural person, firm, organization, partnership, association, or corporation, or a subsidiary or affiliate thereof, doing business in [Florida], who makes or causes to be made a telephonic sales call." *Id.* at (1)(f). The statute defines "doing business" as "businesses that conduct telephonic sales calls from a location in Florida or from other states or nations to consumers located in Florida." *Id.* at (1)(d). The statute prohibits telephone solicitors from making sales calls to residential numbers if they are on the no soliciting list. *Id.* at (4).

The Court finds that Nat Gen does not qualify as a telephone solicitor under the FTSA. Plaintiff's Complaint does not allege that Nat Gen does business in Florida. Instead, Plaintiff argues that Nat Gen is an affiliate of HST, and therefore qualifies as a telephone solicitor under the statute. The Court does not agree with Plaintiff's reading of the statute. When reading a statute, a modifier at the end of a list generally applies to the entire series. *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163, 1169 (2021). Applying that approach here, any affiliate would also have to be doing business in Florida. The Court could also apply the "rule of the last antecedent," which dictates that a limiting clause would only modify the phrase it immediately follows. *Id.* at 1170. In either case, the FTSA would require affiliates to be doing business in Florida, meaning that Nat Gen would not qualify as a telephone solicitor.

Plaintiff argues that Nat Gen is subject to the FTSA because Nat Gen caused the calls to be made, even though it was not the entity actually calling the Florida numbers. The Court disagrees. The Court has already found that Nat Gen did not authorize or cause the calls in question. As discussed when the Court ruled on Nat Gen's vicarious liability, HST made these calls in violation of Nat Gen's do not call policy. Nat Gen is not responsible for calls

that it prohibited. Count III is dismissed as to Defendant Nat Gen.

### F. Standing

Plaintiff's only remaining claim against Nat Gen seeks a declaration that its do not call policy violates the TCPA by not requiring coordination of do not call lists. A court may only issue a declaratory judgment when the case satisfies the case-or-controversy requirement. *MedImmunte Inc. v. Genetech Inc.*, 549 U.S. 118, 127 (2007). A court may not issue a declaratory judgment when it is simply "advising what the law would be upon a hypothetical state of facts." *Id.* With that in mind, the Court must now consider whether Plaintiff has standing to bring this claim against Nat Gen. To establish standing, a plaintiff must allege a concrete, redressable, injury traceable to the defendant. *Milwaukee Police Association v. Flynn*, 863 F.3d 636, 639 (7th Cir. 2017).

The Court finds that Plaintiff lacks standing to pursue his remaining claim against Nat Gen. The Court has ruled that the calls alleged in the Complaint do not trace back to Nat Gen. In so doing, the Court has necessarily ruled that Plaintiff cannot trace his injuries back to Nat Gen. Absent an injury, Plaintiff does not have standing to bring a declaratory judgment action against Nat Gen.

## III. <u>CONCLUSION</u>

For the reasons stated herein, Defendants' Motion to Dismiss (Dkt. No. 34) is granted in part. Plaintiff's claims are dismissed entirely as to Defendant Nat Gen. Plaintiff's claims for declaratory judgment (Count II) and under the FTSA (Count III) are dismissed against Defendant HST. Plaintiff still has a live claim against Defendant HST for violations of the TCPA (Count I).

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 3/2/2023