IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADAM AILION, individually and on behalf of a class of others similarly situated,<br>      Plaintiff,<br><br>    v.<br><br>HEALTHCARE SOLUTIONS TEAM, LLC,<br>      Defendant. | Case No. 1:21-cv-06231<br><br><br><br>Hon. Judge LaShonda A. Hunt<br>Hon. Mag. Judge Jeannice W. Appenteng |

**JOINT STATUS REPORT**

Pursuant to the Court's order of June 17, 2024, Dkt. 143, Plaintiff Adam Ailion and Defendant Healthcare Solutions Team, LLC ("HST") respectfully submit this Joint Status Report, and state as follows:

**(1) The Status of Defendant's Productions Pursuant to the Court's Order, Dkt. 143**

HST has produced two documents that were previously produced with redactions, unredacted.

Regarding the unredacted version of the spreadsheet containing "DNC" designations within LeadMaster, HST's position is that amendment to the confidentiality order will likely not be necessary. HST will propose a stipulation to Plaintiff on the use of the materials by July 10, 2024, and upon agreement to that language, HST will produce the spreadsheet. Plaintiff's position is that he will consider the language and format HST proposes once received.

HST's position is that the remaining documents that have been ordered to be produced are subject to HST's forthcoming motion to clarify, or in the alternative, for reconsideration. Plaintiff's position is that HST should produce the responsive materials, and he is frustrated with HST's failure to make meaningful proposals for securing the class discovery the Court ordered,

despite multiple conferrals and requests by Plaintiff's counsel that it do so.

**(2) The Status of the Parties' ESI Negotiations**

**Search Terms**: The parties are continuing to negotiate an ESI protocol. If necessary to resolve concerns about burden, HST will provide a hit report of search term results by July 11, 2024. From there, the parties will assess whether to proceed with production using the current search terms, or whether further modifications will need to be made, as well as the impact of such on the parties' differing view on whether TAR may be used.

**Custodians**: The parties have a working list of agreed preliminary custodians. Plaintiff reserves the right to seek additional custodians and does not waive any arguments regarding the agreed-upon custodians.

*HST's Position*: HST has agreed to include nine of its approximately 30 employees as custodians, along with two independent contractors. HST added multiple custodians at Plaintiff's request, including all of the direct reports of several custodians. Despite the fact that HST has agreed to search almost a third of its workforce for responsive materials, Plaintiff has insisted that HST create additional documents explaining why each custodian was included or not included. HST agrees with Plaintiff's position that the search should begin with the current list of agreed-upon custodians as soon as possible.

*Plaintiff's Position*: Plaintiff appreciates that HST has agreed to provide custodians; however, Plaintiff does not have information from HST to enable him to determine whether these custodians are appropriate. Because HST and its corporate affiliates failed to preserve several years' worth of emails from the most critical people for this case, Dkt. 131-1, Manolchev Decl. ¶ 18, it is crucial in Plaintiff's view that HST identify the other people who are likely to have the ESI that was lost. Likewise, it may be that some of the current custodians are irrelevant

or unnecessary; only HST knows, since it has provided virtually no information on what information many of these people are expected to have. Plaintiff has thus repeatedly requested that HST provide a simple breakdown that lists each person likely to have relevant evidence (i.e., current and potential custodians), along with a brief description of what relevant evidence they are expected to possess, to assist the parties in confirming who should or should not be a custodian. However, HST has declined to do so. HST also refuses to identify people at HST's corporate affiliates who are likely to have ESI that HST failed to properly preserve, despite for example the involvement of such affiliates in overseeing HST's production in this case. *E.g.,* Dkt. 131-1.

Plaintiff has issued a deposition notice to HST, to learn more about the facts and circumstances surrounding the preservation failure, in addition to pushing for HST to supplement its responses to additional written discovery requests. Thus, from Plaintiff's perspective, there will likely need to be further adjustments to the custodians. However, in the meantime, he believes—reserving all rights and without waiving any arguments—that HST should produce its responsive ESI after the search terms are agreed upon, for the custodians HST has thus far selected. Plaintiff also respectfully submits that it would be helpful if the Court would allow the parties to provide a further status report by date certain.

**(3) Whether Defendant's Motion to Quash, Dkt. 106, Is in Active Dispute**

The parties report that they have resolved HST's motion to quash or for protective order as to Plaintiff's deposition notice, Dkt. 106.

**(4) Whether Plaintiff Is Pursuing His Motion to Compel NatGen, Dkt. 114**

*Plaintiff's Position*: Plaintiff states that he continues to pursue his subpoena to Defendant HST's parent company and "upline" National General Holdings Corp. ("NatGen"). Plaintiff's

subpoena to NatGen targets evidence Plaintiff does not expect to secure through the ESI protocol he is currently negotiating with HST: For example, because HST does not know whether the small volume of "NatGen" do-not-call data it received from another Allstate subsidiary is complete or where it comes from, *see* Dkt. 118-3, Rock Dep. at 88:15-89:8, Plaintiff's request to NatGen for its do-not-call list is the only way Plaintiff can obtain this critical evidence (Request 2). *See* Dkt. 114 pp. 5-8 (explaining need for IDNC data to establish HST's failure to properly coordinate IDNC requests, identify violations, and support class certification). Likewise, the ESI protocol Plaintiff is currently negotiating with HST will not produce the materials NatGen has on Plaintiff (Request 1), exchanges between NatGen and HST downlines that bypassed HST (Requests 3-6, 8), or complaints about HST downline telemarketing that NatGen itself received (Request 7). *See* Dkt. 114 pp. 8-14 (explaining need for such materials to, among other things, understand how HST's upline/downline relationship worked and identify applicable policies and practices HST's telemarketers were supposed to follow, but did not). Plaintiff understands that NatGen is considering whether it may supplement its responses, or make a proposal for getting Plaintiff materials the parties can agree won't be obtained through HST's ESI protocol search. However, because NatGen continues to consider these issues, the dispute remains live.

*NatGen's Position*: NatGen disagrees with Plaintiff's position regarding the scope of the information sought in the subpoena, the nature of the agent-principal relationship and its application to the subpoena and this dispute, and whether third party NatGen should incur the expense of responding to Plaintiff's overbroad subpoena. NatGen was dismissed from this suit over a year ago, and in dismissing NatGen this Court held that NatGen "cannot be held vicariously liable" for Mr. Ailion's claims against HST. Mem. Op. & Order at 12, 17 (Mar. 2, 2023), ECF 56. The Subpoena is unreasonably overbroad and disproportionate to the needs of

Mr. Ailion's case against HST because it seeks broad categories of information unrelated to the suit against HST. Nevertheless, NatGen is considering whether it may supplement its responses to the subpoena, and will continue to meet and confer with Plaintiff's counsel on this issue.

**(5) Areas in Which the Parties Require the Court's Intervention**

HST is filing a motion for clarification and/or reconsideration to the Court's discovery order of June 17, 2024, Dkt. 143, as well as a corresponding objection to Judge Hunt, regarding Plaintiff's requests for class discovery at Interrogatory Nos. 1 and 10, and Request for Production Nos. 4, 5, 9, and 14. Because, in HST's view, it is not clear that filing a motion for reconsideration with the Magistrate Judge tolls the time for a party to file objections under Federal Rule of Civil Procedure 72, HST will be filing both the motion and the objection, out of an abundance of caution, and to avoid waiver. *See, e.g.*, *Chicago Tribune v. U.S. Dept of Health and Human Services*, 70 F. Supp. 2d 832, 834 (N.D. Ill. 1998). HST will also respectfully that the District Court stay ruling on these Objections pending Magistrate Judge Appenteng's ruling on HST's Motion to Clarify or for Reconsideration.

Plaintiff objects to HST filing (a) objections to the Court's discovery order, and (b) a motion for reconsideration/clarification, at the same time. Doing so improperly multiplies these proceedings, and will have the effect of creating uncertainty in this litigation. As litigants must do every day, HST should have to choose which path to take, rather than pursue its proposed "kitchen sink" approach.

The parties note that because their ESI protocol and other discovery discussions are ongoing, there may be disputes that are ultimately unable to resolve without Court involvement. The parties will notify the Court of such once their conferral efforts are completed.

- 6 -

Dated: July 8, 2024								Respectfully submitted,

HEALTHCARE SOLUTIONS TEAM, LLC			ADAM AILION, individually and on
											behalf of a class of others similarly situated

By:  /s/ John K. Theis (w/ consent)				By:  /s/ Daniel J. Marovitch
    John K. Theis								Alexander H. Burke
    Rodney Perry								Daniel J. Marovitch
    RILEY SAFER HOLMES & CANCILA LLP			BURKE LAW OFFICES, LLC
    70 W. Madison St., Suite 2900					909 Davis St., Suite 500
    Chicago, IL 60602							Evanston, IL 60201
    Telephone: (312) 471-8700					Telephone: (312) 729-5288
    jtheis@rshc-law.com							aburke@burkelawllc.com
    rperry@rshc-law.com							dmarovitch@burkelawllc.com

*Counsel for Defendants*							*Counsel for Plaintiff*


## CERTIFICATE OF SERVICE

    I hereby certify that, on July 8, 2024, a copy of the foregoing motion was filed via this Court's CM/ECF system which shall provide notice to all counsel of record.

                                                 /s/ Daniel J. Marovitch