# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Illinois

| | |
|---|---|
| ADAM AILION | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-cv-06231 |
| | ) |
| HEALTHCARE SOLUTIONS TEAM, LLC | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
James Martelo

*(Name of person to whom this subpoena is directed)*

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A, attached.

| Place: aburke@burkelawllc.com and dmarovitch@burkelawllc.com (preferred); the below IL address; or Burke Law Offices, LLC c/o FL Process Servers, 4809 Mirabella Pl., Lutz, FL 33558 | Date and Time: 04/18/2023 9:00 am |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/03/2023

CLERK OF COURT

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Adam Ailion , who issues or requests this subpoena, are:

Alexander H. Burke, Burke Law Offices, LLC, 909 Davis St., Ste. 500, Evanston, IL 60201; aburke@burkelawllc.com; (312) 729-5288

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:21-cv-06231

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1.      Unless otherwise indicated, the relevant time period for the purposes of this subpoena is from November 19, 2017, to the present.

2.      All responsive data should be produced in delimited text format.

3.      The term "document" or "documents" as used herein shall refer to all writings as defined in Fed. R. Civ. P. 34(a)(1)(A), however produced or reproduced or archived or stored, within your possession or subject to your control, of which you have knowledge or to which you now have or previously had access, including all electronically stored information.

4.      "Electronically stored information" ("ESI") as used herein means any electronic document or written communication and includes, without limitation, the following:

        a.      Activity listings of electronic mail receipts and/or transmittals;

        b.      Output resulting from the use of any software program, including without limitation word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages, AOL Instant Messenger (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether such electronic data exist in an active file, deleted file, or file fragment; and

        c.      Any and all items stored on computer memories, hard disks, network servers, individual computer workstations or clients, thumb drives, jump drives, CDs, DVDs, cloud servers, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other vehicle for digital data storage and/or transmittal, including without limitation a personal digital assistant, smartphone and/or tablet, e.g., iPhone, Droid, Blackberry, Galaxy, HTC, iPad, iPod, Kindle,

1

Nook or other device. Plaintiff requests that ESI be processed and produced in a manner that preserves all metadata and that the parties confer regarding the production of metadata and the form or any electronic production prior to the gathering or processing of ESI. Data – for example lead data – shall not be aggregated, truncated or "mixed" with other data, without prior conferral and written disclosure.

5.      "Database" or "databases" includes any collection of data defined so that it can be reorganized and accessed in a number of different ways; any collection of data for one or more purposes, usually in digital form; a comprehensive collection of related data organized for convenient access, generally in a computer; a collection of information that is organized so that it can easily be accessed, managed, and updated; or a structured set of data held in a computer.

6.      Variations of "you" means James Martelo and any associated business over which James Martelo has control, such as JRM Health Insurance Advisors Inc.

7.      "HST" means Healthcare Solutions Team, LLC, and includes, without limitations, any offices and locations of Healthcare Solutions Team, LLC, as well as any of its divisions, affiliates, subsidiaries, parents, successors, predecessors, and present or former partners, and any of their officers, directors, executives, managers, administrators, employees, agents, contractors, fiduciaries, attorneys, or representatives.

8.      "NatGen" means National General Holdings Corp., and includes, without limitations, any offices and locations of National General Holdings Corp., as well as any of its divisions, affiliates, subsidiaries, parents, successors, predecessors, and present or former partners, and any of their officers, directors, executives, managers, administrators, employees, agents, contractors, fiduciaries, attorneys, or representatives.

9.      "Person" or "persons" means any individual, partnership, association, corporation,

2

joint venture, governmental or administrative body, or other business or legal entities.

10. "Plaintiff" means Adam Ailion.

11. "Policy" or "policies" means any instruction(s), practice, procedure, directive, routine, guideline, rule, course of conduct or code of conduct, written or unwritten, formal or informal, recorded or unrecorded, which were or have been recognized, adopted, issued or followed by you.

12. "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, implementing regulations 47 C.F.R. § 64.1200, and all FCC opinions and orders interpreting such.

13. "Third party" or "third parties" or "other party" means any individual, partnership, association, corporation, joint venture, or other business or legal entity not owned or controlled by you, or any person that does not receive an annual salary from you, including, but not limited to, affiliates, agents, subsidiaries of you.

14. References to any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, any offices and locations of that entity, as well as any of its divisions, affiliates, parents, subsidiaries, successors, predecessors, present or former partners, officers, directors, executives, managers, administrators, employees, agents, contractors, fiduciaries, attorneys, or representatives.

15. All other words shall have their ordinary definition as defined by Merriam-Webster's online dictionary, located at http://www.merriam-webster.com/.

16. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear

3

meaning is not distorted by change of tense, and "and" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

## **PRODUCTION REQUESTS**

Please produce, on or before the date specified on the first page of the subpoena, the following:

1.      All data, communications, and other documents relating to Plaintiff or his phone number, (678) 760-6266.

2.      Documents sufficient to identify each vendor from whom you purchased lead call transfers or leads that you called to solicit business for HST.

3.      Your contracts and agreements with HST, NatGen, SalesDialers/ProspectBoss, Impiger/Eleviant, Radius/Simple Shapes, Twilio, and any (sub)vendors through which you purchased leads or that assisted you with any aspect of telemarketing (e.g., dialer provider, customer relationship management vendor, data scrubbing vendor, call center, etc.).

4.      All data pertaining to your or your business's telemarketing activity on behalf of HST. At a minimum, this should include outbound call data, inbound call transfer data (e.g., from "live" leads or similar), and campaign and lead data.

5.      All data for sales resulting from telemarketing.

6.      Documents sufficient to identify what consideration you paid with respect to telemarketing for HST, as well as what consideration HST paid you for resulting sales.

7.      Your internal do-not-call list, including all associated data (i.e., phone number, add date, removal date, etc.).

8.      All records that show when and how you received or transmitted do-not-call request information from or to HST or any (sub)vendor.

9.      All records that show when and how you scrubbed your lead lists against any internal do-not-call list.

10.     Your do-not-call policy and all associated practice and procedure documents.

11.     All emails and other communications pertaining to your telemarketing activity on behalf of HST.

12.     All instructional and training materials, handbooks, policy, practice, and procedure documents you received or were given access to by HST concerning the TCPA and do-not-call compliance.

13.     All communications and documents relating to complaints of any kind (e.g., consumer, regulatory, pre-litigation, litigation), concerning telephone communications to persons who allegedly did not want or consent to receive such calls, and any associated investigation or action taken by HST or you (or others on your behalf) with regard to such.

14.     All documents pertaining to any disciplinary action HST took as to you or your business.

15.     All documents concerning any visits or inspections you or your business submitted to by HST, or any vendor of theirs relating to telemarketing.

16.     Documents sufficient to identify what call and lead-related data you have deleted, when.

17.     All non-privileged communications concerning this lawsuit.


Produce all data in delimited text format.